# UNITED STATES DISTRICT COURT

for the
### Western District of Kentucky
### Louisville Division

| | | |
|---|---|---|
| Mark Alves | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No.   3:17-cv-397-DJH |
| | ) | |
| Equifax Information Services, LLC | ) | |
| *Defendant* | ) | |
| Serve: | ) | |
| Corporation Service Company | ) | |
| 421 West Main Street | ) | |
| Frankfort, KY 40601 | ) | |
| | ) | |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1.      This is an action brought by Plaintiff Mark Alves for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA").

### JURISDICTION

2.      This Court has jurisdiction pursuant to 28 U.S.C. §1331 and the FCRA, §1681p.

### PARTIES

3.      Plaintiff Mark Alves is a natural person who reside in Jefferson County, Ky. Mr. Alves is a "consumer" within the meaning of the FCRA, as defined at 15 U.S.C. §1681a(c).

4.      Defendant Equifax Information Services, LLC ("Equifax") is a foreign limited liability company, with its principal place of business located at 1550 Peachtree Street NW, Atlanta, GA 30309. Equifax has registered to do business with Kentucky Secretary of State. Equifax is a "consumer reporting agency" within the meaning of the FCRA.

### STATEMENT OF FACTS

5.      Like many of his fellow Americans, Mr. Alves is keenly aware of the importance of his credit score.

6.      As explained on Bankrate.com, a person's credit score is important to many major life events: including housing, employment, and credit:

> Today's economy runs on credit. If you want to get a mortgage loan for a house or a student loan to pay for college, or if you just want to put your lunch on a credit card, a company is extending credit to you.
>
> Your creditworthiness is defined by your three-digit credit score and is the key to your financial life. Good credit can be the make-or-break detail that determines whether you'll get a mortgage, car loan or student loan. On the other hand, bad credit will make it more difficult for you to get a credit card with a low interest rate and it will make it more expensive to borrow money for any purpose, says Liz Pulliam Weston, author of "Your Credit Score."
>
> But even if you're not in the market for a loan, good credit can have a major impact, Weston says.
>
> "Your credit information can be a factor in whether or not you can rent a nice apartment, how much you pay for insurance or whether or not you can get a job," she says. Landlords, insurers and employers frequently use credit information as a litmus test to see if the people they are dealing with are reliable and responsible.
>
> Bad credit can suggest you're a risky bet. While bad credit may only show the details of how you deal with debt, some will extrapolate the characteristics from your financial life to other situations and assume that your bad credit implies that you may be just as irresponsible driving a car, taking care of an apartment or showing up for a job, Weston notes.
>
> Good credit can signify that your financial situation—and the rest of your life—is on the right track.[1]

7.      In an effort to improve his credit score and rating, Mr. Alves regularly reviews his credit reports.

8.      Mr. Alves discovered several items on his credit report that were incorrect.

9.      One of the incorrect items was a negative tradeline for a Fingerhut account furnished by Bluestem Brands, Inc. ("Bluestem").

---

[1] http://www.bankrate.com/finance/credit-cards/why-is-good-credit-so-important.aspx

10. Mr. Alves hired a credit repair specialist to help him improve his credit and raise his credit score.

11. In conjunction with the credit repair specialist's instructions, Mr. Alves mailed numerous dispute letters to the three major Consumer Reporting Agencies ("CRAs") and the furnishers of the false and inaccurate tradelines on his consumer credit reports.

12. Exasperated by his lack of success with the dispute process, Mr. Alves eventually filed a lawsuit in the fall of 2016 against the furnishers of inaccurate information on his consumer credit reports.

13. After the conclusion of the lawsuit, Mr. Alves discovered that his Equifax credit report still contained negative credit information about him in connection with a Fingerhut account.

14. Mr. Alves disputed, by counsel, the Bluestem/Fingerhut credit information directly with Equifax in a letter dated February 17, 2017.

15. In his February 17th dispute letter, Mr. Alves stated the Bluestem/Fingerhut information should not be appearing on his credit report and that Bluestem agreed to delete the tradeline.

16. Equifax received Mr. Alves' February 17th dispute letter.

17. After receipt of Mr. Alves' February 17th dispute letter and after its investigation of Mr. Alves' dispute, Equifax continued to report negative information on his Equifax credit report in connection with Bluestem/Fingerhut tradeline.

18. In May 2017 or very early June 2017, Mr. Alves was denied an application for a loan.

19. The Equifax credit report relied on by the lender included a negative Bluestem/Fingerhut tradeline.

20. Mr. Alves again disputed, by counsel, Bluestem/Fingerhut credit information directly with Equifax in a letter dated June 2, 2017.

21. In his June 2nd dispute letter, Mr. Alves included a copy of a Universal Data Form ("UDF") that Bluestem sent to Equifax on or about December 15, 2016.

22.     The Bluestem UDF requested that Equifax delete the negative tradeline that was appearing on Mr. Alves Equifax credit report.

23.     Equifax received Mr. Alves' June 2nd dispute letter.

24.     Again, Equifax did not delete the Bluestem/Fingerhut tradeline as a result of its investigation of Mr. Alves' dispute.

25.     Equifax failed to follow reasonable procedures to insure the maximum possible accuracy of Mr. Alves' credit report and failed to conduct a reasonable investigation of Mr. Alves' dispute letters.

26.     As a result of Equifax's failure to **(i)** follow reasonable procedures to insure the maximum possible accuracy of Mr. Alves' consumer credit reports that it published to third-party users, and **(ii)** conduct a reasonable investigation of Mr. Alves' disputes, Mr. Alves suffered actual damages in the form of a lowered credit score, denial of credit, embarrassment, frustration, and anxiety.


## CLAIMS FOR RELIEF

27.     The foregoing acts and omissions by Equifax Information Services, LLC ("Equifax") constitute violations of the FCRA.

### A.     Violation of 15 U.S.C. § 1681e

28.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of consumer reports it published to its subscribers and users of its consumer reports concerning Mr. Alves and the materially inaccurate Bluestem credit information concerning Mr. Alves and the Fingerhut account.

29.     Equifax's conduct, actions and inactions were willful, rendering Equifax liable under 15 U.S.C. § 1681n for actual, statutory, and punitive damages, along with attorney's fees and costs.

30.     In the alternative, Equifax's conduct, actions and inactions were grossly negligent or negligent rendering Equifax liable under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

### B.     Violation of 15 U.S.C. § 1681i

31.     Equifax violated 15 U.S.C. § 1681i by failing to conduct a reasonable investigation of Mr. Alves's dispute of the materially inaccurate Bluestem Brands information concerning Mr. Alves and the Fingerhut account and by failing to review all of the documents that Mr. Alves submitted with his written dispute.

32.     Equifax's conduct, actions and inactions were willful, rendering Equifax liable under 15 U.S.C. § 1681n for actual, statutory, and punitive damages, along with attorney's fees and costs.

33.     In the alternative, Equifax's conduct, actions and inactions were grossly negligent or negligent rendering Equifax liable under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Mark Alves request that the Court grant him the following relief:

1.     Award Plaintiff maximum statutory damages under the FCRA;

2.     Award Plaintiff actual damages;

3.     Award Plaintiff punitive damages;

4.     Award Plaintiff reasonable attorney's fees and costs;

5.     A trial by jury; and

6.     Such other relief as may be just and proper.

Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:     (502) 473-6525
Fax:     (502) 473-6561
james@kyconsumerlaw.com